ROSE AMSTERDAM, Appellant, *v.* IGNACE I. APFEL, Respondent.

**Conversion — sufficiency of evidence to present question for jury — erroneous dismissal of complaint.**

Plaintiff brought this action to recover from defendant a sum of money alleged by him to have been advanced on account of the purchase price of a one-half interest in real estate. Defendant contended that he received the money as consideration for an assignment by him to plaintiff of a one-half interest in a lease of the real estate. Upon examination of the record, *held*, that a question of fact

was presented for determination by a jury and the reversal of the judgment for plaintiff at Trial Term and dismissal of the complaint by the Appellate Division was error.

*Amsterdam* v. *Apfel*, 178 App. Div. 71, reversed.

(Argued March 10, 1919; decided April 8, 1919.)

APPEAL from a judgment entered May 21, 1917, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*E. Walter Beebe* for appellant. The defendant converted the plaintiff's money. (*Porges* v. *United States Mortgage & Trust Co.*, 203 N. Y. 181; *Douglas* v. *Scott*, 130 App. Div. 322; *Laverty* v. *Snethen*, 68 N. Y. 522; *Mahaney* v. *Walsh*, 16 App. Div. 601; *Thomas Mfg. Co.* v. *Symonds*, 27 App. Div. 316; *Richard* v. *Hutton*, 158 App. Div. 122; *Muller* v. *City of Philadelphia*, 208 N. Y. 182.) The verbal agreement was never superseded by nor merged in the written agreement. (*Bennett* v. *Edison El. Il. Co.*, 164 N. Y. 131; *Pitcher* v. *Hennessey*, 48 N. Y. 415; *Brody, A. & K. Co.* v. *Hochstedter*, 150 App. Div. 529; *Johnson* v. *Johnson*, 157 App. Div. 291; *Cowee* v. *Cornell*, 75 N. Y. 91; *Whitehead* v. *Kennedy*, 69 N. Y. 462; *Guggenheim* v. *Guggenheim*, 95 Misc. Rep. 332; *Reilly* v. *Frias*, 85 Misc. Rep. 162; *Kirchner* v. *New Home Sewing Machine Co.*, 135 N. Y. 182; *Scully* v. *Brooklyn Heights R. R. Co.*, 155 App. Div. 382; *O'Meara* v. *Brooklyn City R. R. Co.*, 16 App. Div. 204; *Matter of Howell*, 215 N. Y. 466; *Matter of Coleman*, 170 App. Div. 537.) The evidence presented a question of fact for determination by the jury. There was evidence to support the finding of the jury. The reversal of the verdict

by the Appellate Division was error and the dismissal of the complaint by the Appellate Division was further error. (*Williams E. & C. Co.* v. *City of New York*, 222 N. Y. 1; *Levy* v. *Louvre Realty Co.*, 222 N. Y. 14; *Gressing* v. *Musical Instrument Sales Co.*, 222 N. Y. 215; *Coutant* v. *Mason*, 221 N. Y. 49; *Conway* v. *Naylor*, 222 N. Y. 437; *Cannon* v. *Fargo*, 222 N. Y. 321.)

*Charles Goldzier* and *Sydney S. Braunberg* for respondent. The written and sealed agreement between the parties secured .to the plaintiff rights in the premises described in the complaint, which she enjoyed at the time of the commencement of the action, and all prior negotiations were necessarily merged therein, hence she had no cause of action for the recovery of the consideration paid. (*Studwell* v. *Bush Company*, 206 N. Y. 416; *Wallach* v. *Riverside Bank*, 206 N. Y. 434; *Lossing* v. *Cushman*, 195 N. Y. 386; *Stanton* v. *Granger*, 125 App. Div. 174; *Woods* v. *Greenstein*, 136 N. Y. Supp. 180; *Wigmore on Evidence*, § 2400; *Cox* v. *Stokes*, 156 N. Y. 491; *Minko* v. *Bankers' Life Ins. Co.*, 124 App. Div. 578; *Wilson* v. *Dean*, 74 N. Y. 531; *Townsend* v. *Greenwich Ins. Co.*, 39 Misc. Rep. 88; 178 N. Y. 634.)

HOGAN, J. The facts in this case are voluminous and referred to at some length in the prevailing opinion of the Appellate Division. (*Amsterdam* v. *Apfel*, 178 App. Div. 71.) We do not deem it essential to recite at length the facts there enumerated. Our examination of the record leads us to the conclusion that the evidence adduced upon the trial presented a question of fact for a jury, and the determination by the Appellate Division was erroneous.

It is undisputed that the plaintiff delivered to the defendant the sum of fifteen hundred dollars, and that defendant received that amount of money from plaintiff.

The purpose for which said sum of money was delivered and received gave rise to a sharp conflict between the parties.

The prevailing opinion below refers in a general way to a certain transaction relating to the sale of certain real estate on Lafayette avenue, Brooklyn, of which plaintiff and seven additional members of the same family were owners, in which transaction defendant acted as attorney for plaintiff and the members of the family. The various steps connected with the transaction leading up to the question of difference at issue, viz.: The failure of defendant to insert in the deed the name of Brown Weiss Realties as grantee, the retention of the deed, failure to close the contract, personal negotiations with Brown Weiss Realties resulting in a contract on June 18th for an exchange of Lafayette avenue property for property on Cortland street which he did not own and did not acquire title to until June 23d, when he purchased same for the purpose of making the exchange, thereafter inserting in the deed the R. S. S. Co. as grantee and thereupon taking a lease of the premises with the privilege of purchasing the same for $8,000 cash or $9,000 by payment of $2,000 cash and $7,000 mortgage, the taking of title under that option after the commencement of this action and the conveying of the property to the Sixty Six Realty Company of which he is the owner of the entire capital stock and in control of its affairs,— these circumstances in connection with the denial by plaintiff and the only other member of the family called as a witness that they had knowledge or information of any such acts relating to their property, and the admission by defendant that plaintiff at the time she signed the deed may have been under the impression that it went to Brown Weiss Realties, have a direct bearing upon the issue in this case and were proper for consideration by a jury as bearing upon the

credibility of the parties hereto, the purpose for which plaintiff delivered to defendant the sum of fifteen hundred dollars and the reasons if any prompting defendant to solicit her to deliver the same.

Passing to the transaction in dispute, plaintiff testified that on the evening of June 22d, 1912, defendant asked her how she would like to invest in buying back her old property on Lafayette avenue and said "we will buy back that property if you will put up fifteen hundred dollars and I will go to the Lawyers Guarantee Trust Co. and get a mortgage for eight thousand dollars or I will sell the property which I expect to do within the next three or four months and I will give you back your fifteen hundred dollars and give you half of the profits." The date of the interview is important when considered in connection with transactions relating to the title to which attention has been called. Defendant places the date of the conversation as June 23d, the day he had entered into further transactions related above; and claims he told plaintiff that he had the Lafayette avenue property which stood him about $9,500, that the plaintiff asked if she could get an interest in it, that he told her he expected to get a loan of $8,000 on the property and had arranged with Robert S. Smith for $8,000, and she agreed to buy a one-half interest in it, that she said she would take a one-half interest in the property, "and I told her if she would give me fifteen hundred dollars I would give her one-half of the profits as soon as the property is sold for the fifteen hundred dollars and give her — first give her back the fifteen hundred dollars and then give her half of the profits."

Plaintiff further testified that on the evening of June 27th defendant called upon her (he admits that his deals were not closed until the 28th), that he asked her for one hundred dollars and she gave him a check therefor and was to draw the balance from the savings

bank on July 1st, before her departure for Europe on July 2d at 9 A. M. He also told her to leave a power of attorney with either of her sisters as he expected to sell the property before her return the middle of August. For the one hundred dollar check defendant gave her a receipt in the following form:

" Received from Rose Amsterdam check for One hundred Dollars on account of Fifteen hundred Dollars to be paid by her for the purchase of 505–7 Lafayette Avenue, Brooklyn, 40 x 200, for said sum plus 1/2 of any necessary expenses for mortgage closing of title, etc. Miss Amsterdam to have one-half interest in said property, I. I. Apfel to take charge of property and profits are to be divided equally. Balance of ($1,400 00/100) Fourteen hundred Dollars to be paid by July 2nd, 1912. " June 27th, 1912.                    IGNACE I. APFEL."

Before referring to the payment of fourteen hundred dollars, the facts above stated in connection with the admission by defendant in his answer that the sum of fifteen hundred dollars paid by plaintiff to him was not used by defendant to purchase the said property nor any part thereof, were important to be considered by a jury.

Late on the night of July 1st, defendant called on plaintiff again and asked her if she had drawn her money. She replied she had. He thereupon as she testified asked her for the check for fourteen hundred dollars, and while she was writing her check " he read off the power of attorney. He read off a paper to me * * *. I signed something. There was no question at all of the R. S. S. Co. or any lease. I never heard of a lease," and never discovered same until after this action was commenced when she states she handed it to her lawyer to read as she imagined it was her deed.

Defendant produced upon the trial the paper which

is set out in the prevailing opinion below, which in effect was an assignment by him in consideration of fifteen hundred dollars of a one-half interest in a lease of the Lafayette avenue premises made between him and the R. S. S. Co. and constituting defendant her attorney to dispose of her interest in the lease, each party to have an equal one-half interest in and to said lease together with the option to purchase the property therein contained, and in the event of a resale thereof out of the profits to be realized plaintiff to receive fifteen hundred dollars, being the amount of her investment therein, the balance remaining to be equally divided. The court below wrote that there was no inconsistency between that instrument and the receipt of June 27th, that defendant had sold plaintiff a one-half interest in the property. We think there is opportunity for argument on that question for determination by a jury especially in view of all the circumstances, the manner in which plaintiff may have been induced to sign the same and the fact that defendant as a witness testified that he intended by the agreement that the fifteen hundred dollars should become his money and if he never exercised the option to purchase the property he would not have to give the money back, that he was not required to exercise the option and buy the property, he did not have to use the fifteen hundred dollars to buy the property and if he did not buy it the fifteen hundred dollars was his.

The opinion below also states that importance cannot be attached to the fact that title to the property was not taken in plaintiff's name. We cannot assent to that proposition. The title is now in a corporation owned and controlled by defendant under a conveyance from him. That corporation may be solvent or may have numerous creditors. It may mortgage or sell the property. Why the transfer by defendant to that corpora-

tion? Why should it be permitted to hold the title and the defendant retain the moneys of plaintiff asserting ownership of the same while admitting he did not use the fifteen hundred dollars for the purchase of the property? These are questions very well debatable having some bearing upon the entire transaction in connection with other facts in the case, particularly as to whether or not plaintiff was misled by defendant into signing the agreement on July 1st, and the effect of any subsequent advance referred to in the opinion below. Such questions including all the relations between the parties were proper for consideration by a jury.

The judgment should be reversed and a new trial granted, costs to abide the event.

CHASE, CARDOZO, POUND, McLAUGHLIN and ANDREWS, JJ., concur; HISCOCK, Ch. J., not sitting.

Judgment reversed, etc.